IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF OKLAHOMA

UNITED STATES OF AMERICA,

        Plaintiff,

v.

JIMCY MCGIRT,

        Defendant.

Case No. 25-CR-055-JFH

## OPINION AND ORDER

Before the Court is a Motion for a Mental Health Expert at Government Expense ("Motion") filed by Defendant Jimcy McGirt ("Defendant"). Dkt. No. 29. In his Motion, Defendant asks the Court for "monies for a mental health expert of his own choosing," apparently to support an affirmative defense under 18 U.S.C. 2250(c). *Id*. at 1. Defendant further notes that he was found indigent by the magistrate judge at his arraignment in this matter and was also found indigent by this Court in Eastern District of Oklahoma Case No. 20-CR-050-JFH. *Id*.

## BACKGROUND

On April 9, 2025, Defendant was charged by indictment with four (4) counts of Failure to Register as a Sex Offender, in violation of 18 U.S.C. §§ 2250(a)(1), 2250(a)(2)(B), and 2250(a)(3). Dkt. No. 2. Defendant is set for trial on the Court's June 2, 2025 jury trial docket. Dkt. No. 19. Pursuant to the scheduling order in this case, notices were due by April 29, 2025. *Id*. No notices have been filed.

## AUTHORITY AND ANALYSIS

While Defendant's Motion fails to cite to the relevant statute, 18 U.S.C. § 3006A(e)(1) provides the authority for an indigent defendant to seek authorization from the Court to obtain the services of an expert. Pursuant to § 3006A(e)(1), a defendant may request the services of an expert

by filing an ex parte application showing that such services are necessary and that the defendant is financially unable to obtain them. 18 U.S.C. §3006A(e)(1). "The allowance under § 3006A(e)(1) for an ex parte request for an expert is for the benefit of the defendant." *United States v. Nichols*, 21 F.3d 1016, 1017, n.1 (10th Cir. 1994) (citing *United States v. Greschner*, 802 F.2d 373, 380 (10th Cir.1986), *cert. denied*, 480 U.S. 908 (1987)). "Without this allowance, the defense might be forced to reveal prematurely its theory of the case to the government. The defendant, however, can waive the ex parte hearing" and nature of the proceedings. *Id.* Here, Defendant did not file an ex parte application, nor did he move for an ex parte hearing on his request. Dkt. No. 29. For this reason, the Court will evaluate Defendant's request based upon the Motion and will not file its order ex parte.

"In requesting a court-appointed expert, the burden is on the defendant to show that 'such services are necessary to an adequate defense.'" *Nichols*, 21 F.3d at 1018 (quoting *Greschner*, 802 F.2d at 376). To be clear, it is not enough to allege that such services would be helpful. *United States v. Solon*, 596 F.3d 1206, 1209–10 (10th Cir. 2010) (citing *United States v. Kennedy,* 64 F.3d 1465, 1470 (10th Cir. 1995)). Indeed, the Tenth Circuit has held that "defendants must provide the district court with explicit detail showing why the requested services are 'necessary' to an adequate defense and what the defendant expected to find by using the services." *United States v. Gonzales*, 150 F.3d 1246, 1251, n.4 (10th Cir. 1998) (citing *Kennedy*, 64 F.3d at 1470; *United States v. Mundt*, 508 F.2d 904, 908 (10th Cir. 1974)).

Defendant has failed to meet his burden here. First, Defendant's Motion is silent as to how he intends to use an expert in this case. Will the expert psychologically evaluate Defendant? Will the expert assist defense counsel in reviewing discovery? Will the expert testify at trial? Without

this information, the Court is unable to determine what Defendant expects to find by using an expert's services.

Though the Motion is brief, the Court can piece together that Defendant likely intends to argue that his memory issues constitute uncontrollable circumstances which prevented him from registering as required under the Sex Offender Registration and Notification Act. *See* 18 U.S.C. § 2250(c) (setting forth an affirmative defense to prosecution for failure to register). However, Defendant has failed to explain why an expert is necessary to assert such a defense. Additionally, Defendant's vague request for a "mental health expert" falls short of demonstrating that the expert would be helpful as to this particular defense. With such little information, the Court is unable to deem the requested services necessary to an adequate defense.

The Court further notes that Defendant has not filed notice of his intention to use expert evidence relating to Defendant's mental condition. Pursuant to Federal Rule of Criminal Procedure 12.2, if a defendant intends to introduce expert evidence relating to a mental disease or defect or any other mental condition of the defendant related to the issue of guilt, the defendant must file written notice of such intention within the time prescribed by the Court. Fed. R. Crim. P. 12.2(b). As previously noted, neither party filed notices by the prescribed April 29, 2025 deadline. Defendant's failure to file notice of his intention to use expert evidence relating to Defendant's mental condition only increases this Court's doubt regarding the necessity of an expert for Defendant's case.

## CONCLUSION

IT IS THEREFORE ORDERED that Defendant's Motion for a Mental Health Expert at Government Expense [Dkt. No. 29] is DENIED.

DATED this 1st of May 2025.

_____
JOHN F. HEIL, III
UNITED STATES DISTRICT JUDGE